**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Courtney Motley, | 2:24-cv-00981-CDS-MDC |
| Plaintiff(s), | |
| vs. | **ORDER DENYING THE IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 1)** |
| B. Vandyke, et al., | |
| Defendant(s). | |

Incarcerated pro se plaintiff Courtney Motley filed an *Application to Proceed In Forma Pauperis* ("IFP"). ECF No. 1. The Court DENIES the IFP application without prejudice, with leave to refile. *Id.*

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any

month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

## II. PLAINTIFF'S IFP APPLICATION

Plaintiff Motley is currently incarcerated. Plaintiff's IFP application is deficient for several reasons. First, while plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate, the financial certificate is from 2021. ECF No. 1 at 4. Second, plaintiff's trust fund account statement (or institutional equivalent) is also from 2021, instead of from the past six months. The Court thus denies plaintiff's IFP application, with leave to refile one that complies with the PLRA.

**IT IS ORDERED that:**

1. Plaintiff Courtney Motley's *Application to Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2. By **August 29, 2024,** plaintiff Motley shall either pay the full filing fee OR file a fully complete IFP application. The IFP application must include:

    a. A completed financial certificate with a current date; and

    b. A copy of the inmate's trust fund account statement for the previous six-month period.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

4. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 30th day of July 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge